## Harborcreek Township Taxpayers' Petition

*George W. Schroeck,* for plaintiffs.

*Robert J. Firman* and *William W. Knox,* for defendants.

EVANS, P. J., November 24, 1952.—In this case resident income tax payers of Harborcreek Township School District seek an order of court restraining the school board of the district from levying a tax of one percent upon earned incomes of individuals in the township for the fiscal school year beginning July 7, 1952.

From the pleadings and the testimony we make the following

*Findings of Fact*

1. Plaintiffs are residents and income tax payers of the Harborcreek Township School District, Erie County, Pa.

2. Defendant is a school district of the third class since July 7, 1952.

3. Defendant was, until July 7, 1952, a school district of the fourth class.

4. Defendant on May 8, 1952, passed an ordinance levying a one percent income tax on salaries, wages and other compensation earned on and after July 7, 1952, by residents of the School District of the Township of Harborcreek for work done or services performed or rendered, and on the net profits earned on and after July 7, 1952, on businesses, professions or other activities conducted by such residents, etc.

5. This ordinance followed other similar ordinances previously enacted for the same purposes in the township and effective since January 1, 1949.

6. The total assessment of real estate in the township for the year 1952-53 is $3,068,390.

7. Defendant during the fiscal period from July 7, 1951, to July 7, 1952, collected delinquent and current income taxes in the amount of $53,283.89.

8. The income tax collections from January 1, 1949, to July 7, 1952, averaged $44,121.37 per year.

9. In its budget defendant for the fiscal period of one year, beginning July 7, 1952, fixed the amount of $45,693.45 as the expected revenue to be collected under the ordinance adopted as set forth in paragraph 4 above.

*Discussion*

The first contention of plaintiffs is that all of the income tax collection from January 1, 1949, to July 7, 1952, was illegal for the reason that, in addition to the real estate levy for school purposes, the amounts

collected exceed the 35-mill limitation of fourth class school districts laid down in section 672 of the School Code of March 10, 1949, P. L. 30, 24 PS §6-672.

In our opinion this 35-mill limitation applied only to real estate assessments. The Act of 1947, usually referred to as Act 481, was passed in the realization that the amount of taxes collectible from real estate was insufficient to support school expenses, and that therefore additional sums should be had through further tax collections on personal income.

Also at the time of argument some reference was made to the per capita tax collectible under section 672 of the School Code, but therein it is provided that the per capita tax may be levied in addition to the taxes on real estate, and it has no effect whatever upon the provisions of Act 481, relating to income tax.

It is further contended that the school district is collecting more than necessary to meet the budget. It is true that the income for the fiscal period ending July 7, 1952, exceeded the budget anticipations for the fiscal year beginning July 7, 1952, by approximately $8,000. However, collections for that period included delinquencies from previous years. As indicated in our findings of fact, the average yearly income from January 1, 1949, was $1,500 less per year than the amount fixed in·the 1952-53 budget. During the early periods of operation under Act 481 the amounts budgeted by the school district were greater than the amounts received, and the delinquent payments subsequently received served the purpose of recoupment to the school district for the difference between budget anticipations and actual receipts.

It is true that under the amendments to Act 481 there is a provision that if during any fiscal year it shall appear that the aggregate revenues from taxes levied and collected under the authority of that act will exceed an amount equal to 15 mills on the assessed

valuation of real estate, that the political subdivision shall forthwith reduce the rate or rates of such tax to stay within such limitations as nearly as may be. However, we are of the opinion that the enforcement of this provision must be withheld until a later date. A budget is merely an estimate, and the amount collectible as a tax on income varies unexpectedly under changing economic conditions.

In this case it is shown that the budget figure of anticipated revenue for the fiscal period of one year beginning July 7, 1952, was fixed in the amount of $45,693.45 which is 15 percent of the total assessment of real estate in the township for the year 1952-53. The testimony further shows that as of the date of hearing the income tax collections were 60 percent less than for the similar period of last year. This is due to lack of employment in one industry where large numbers of Harborcreek residents are employed. There is further testimony in the record to show that a portion of the revenue to be eventually received has been withheld by the City of Erie until it is determined what portion of a similar one percent income tax collected by the city is properly payable to the School District in Harborcreek Township. In fact, the City of Erie has not accounted to the Harborcreek School District the exact amount owing the district for the last quarter of 1951.

A school district in preparing the budget must do so in consideration of the tax money it expects to receive during the fiscal year rather than upon an amount it expects to receive eventually. What will be received during the period of any one year is so dependent upon economic conditions and regularity of employment that reasonable latitude must be allowed the school district in arriving at an estimate of expected income. We do not feel that because approxi-

mately $8,000 more than the budgeted amount was received last year under the circumstances previously set forth, that the amount to be collected for the current year is so certain as to justify us in directing the school board to forthwith reduce the rate fixed. The fiscal period of the school district begins July 7, 1952, but the income tax which will be received can be ascertained only after January 1, 1953, because of the loss already suffered due to unemployment and further because large numbers of taxables will not close their books for income tax purposes until the end of the year.

It may be that when these figures become available and the amounts collected thereunder ascertained, the school board will find it necessary to reduce the rate of one percent fixed on income taxes. To require a reduction at this time would necessitate a conclusion as to the amount which will be received and, as indicated herein, it cannot presently be determined.

### Conclusions of Law

1. The ordinance of the School District of Harborcreek passed May 8, 1952, levying an income tax of one percent as set forth in our finding of fact no. 4 is valid and enforcible.

2. The limitation of 35 mills under section 672 of the School Code for fourth class districts, and 25 mills for third class districts, applies only to amounts of taxes to be collected from real estate in the district.

3. The amount of $45,693.45 fixed in the budget for the fiscal period beginning July 7, 1952, is reasonable and legal within the limitations fixed by amendments to the Act of June 25, 1947, P. L. 1145.

4. The prayer of petitioners should be refused at plaintiffs' cost.

And now, to wit, October 27, 1952, the appeal is dismissed at the cost of appellants.